NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY T. RANDOLPH,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2022-1417

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2876, Judge Grant Jaquith.

---

Decided: August 3, 2022

---

TIMOTHY RANDOLPH, Murfreesboro, TN, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Timothy T. Randolph appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying compensation under 38 U.S.C. § 1151 for a disability resulting from an August 2000 eye surgery. *See Randolph v. McDonough*, No. 20-2876, 2021 WL 4472545 (Vet. App. Sept. 30, 2021) ("*Veterans Court Decision*"). Because we lack jurisdiction over the appeal, we *dismiss*.

## BACKGROUND

Randolph served in the United States Army from October 1983 to October 1991. *Veterans Court Decision*, 2021 WL 4472545, at *1. Randolph underwent left eye surgery at a Department of Veterans Affairs ("VA") medical center on August 10, 2000. *Id.* In September 2000, Randolph reported left eye pain, and a November 2000 VA medical exam revealed a small left eye with an irregular pupil that did not react to light. *Id.* at *2.

In January 2007, Randolph filed a claim for entitlement to compensation under 38 U.S.C. § 1151 for left eye blindness, which the VA denied in May 2007. *Id.*; *see also* SAppx. 71.[1] Randolph appealed in January 2008, and in June 2009, the Board denied compensation, focusing on the VA's standard of care and the foreseeability of the injury. *Veterans Court Decision*, 2021 WL 4472545, at *2. Randolph filed a motion for reconsideration in July 2009, which was denied in January 2010. *Id.* In April 2012, Randolph filed a request to reopen his claim based on new and

---

[1]    SAppx refers to the Supplemental Appendix filed with the government's brief.

material evidence, contending that pertinent medical records had not been considered and that consent to the August 2000 eye surgery had been improperly obtained. *Id.* The VA denied the request, and Randolph submitted a Notice of Disagreement. *Id.*

In an August 2015 decision, the Board found that Randolph had submitted new and material evidence. *Id.* The Board reopened Randolph's claim and remanded for additional development. *Id.* In November 2015, Randolph underwent examination by a VA optometrist who found that the medication administered to Randolph would not have impacted his ability to provide informed consent to the August 2000 procedure. *Id.* The same examiner reiterated in March 2016 that the evidence failed to show that Randolph's blindness was caused by VA carelessness or negligence, that what occurred was foreseeable, and that the standard of care was appropriate. *Id.*

In May 2018, a VA ophthalmologist wrote a medical opinion for the Board, determining that Randolph was not on any medication prior to the August 2000 surgery that would have affected his vision or his ability to consent to the surgery's risks, and that the care Randolph received was appropriate. *Id.* at *2–3.

In February 2019, the Board found that Randolph was not entitled to compensation under § 1151 for his left eye blindness. *Id.* at *3. The Veterans Court affirmed the Board's decision in September 2021. Randolph filed a motion for reconsideration in October 2021, which was denied in December 2021. Randolph appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its

decision.  38 U.S.C. § 7292(a).  However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. § 7292(d)(2).

On appeal, Randolph argues that the Board erred in interpreting 38 U.S.C. § 1151 and 38 C.F.R. § 3.361(d)(1)(i) as defining or establishing the relevant "standard of care." Randolph also alleges that the VA erroneously deprived him of benefits that constitute a Fifth Amendment due process violation.

The government responds that we lack jurisdiction to grant the relief that Randolph seeks because he challenges the factual merits of entitlement to compensation and the application of legal standards to particular facts of his case. With respect to Randolph's alleged Fifth Amendment due process violation, the government responds that Randolph raises the issue for the first time on appeal.  The government further argues that Randolph does not explain how the failure to apply a proper standard of care amounts to a constitutional violation.

We agree with the government that we lack jurisdiction to grant the relief that Randolph seeks.  Randolph does not point to any disagreement with the Veterans Court's statement of the law regarding conditions required to satisfy § 1151 and 38 C.F.R. § 3.361(d)(1)(i).  Instead, Randolph appears simply to disagree with the factual determinations set forth in the Board's February 2019 decision denying compensation and the Veterans Court's affirmance of that decision.

Further, Randolph does not explain how the alleged standard-of-care failure constitutes a constitutional violation.  Our court has stated that "appellant's 'characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.'" *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting

*Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)).  Randolph's bare assertion of a due process violation is insufficient to transform his appeal into a constitutional issue over which we have jurisdiction.

Randolph's appeal therefore presents only arguments challenging factual determinations and the application of law to fact and does not challenge a statute, regulation, or constitutional issue.  Accordingly, Randolph's appeal does not present any challenge over which we have jurisdiction.

## CONCLUSION

We have considered Randolph's remaining arguments but find them unpersuasive.  For the foregoing reasons, we *dismiss* his appeal for lack of jurisdiction.

### DISMISSED

### COSTS

No costs.